### THOMAS A. MORGAN v. HENRY WOOD.

[Abstract Kentucky Law Reporter, Vol. 3—391.]

#### No Reversal on Evidence After Several Trials.

Where an issue of fact is submitted to a jury at three different trials, each resulting in a verdict for the appellee, before the Court of Appeals will reverse such a case there must be some palpable error committed to the prejudice of the appellant.

### APPEAL FROM DAVIESS CIRCUIT COURT.

November 10, 1881.

OPINION BY JUDGE PRYOR:

This is the third time the case before us has been in this court, and three jury trials have been had, resulting each time in a verdict for the appellee. There must be an end to litigation, and before a reversal could be had for the third time there must appear to have been some palpable error committed to the prejudice of the appellant, and particularly when the sole question to be determined is one of fact. The only issue really is as to the terms of the contract between the appellee and appellant. The appellee undertook to work the farm of the appellant on shares, and the question of dispute is: Was he to receive one-half or one-third of the crop raised, and one-half or one-third of the increase of stock, etc. This is a simple issue, and one that ought to be tried without giving eight or ten instructions at the instance of either party.

The instructions asked by appellant were not presented until after the case had gone to the jury, and arguments been heard under instructions given by the court, and for that reason they were properly refused. The letter and telegram offered in evidence by the appellee were pertinent to the issue, and equally as competent as the proof of the verbal admission as to what the contract was. The proposal by appellant to give one-half, although not accepted at the time, conduced to show that the claim of the appellee was properly asserted. The jury did find special facts, and ought not to have been compelled to respond to every question made. They knew that it was their duty to ascertain what the contract was, and to value the products of the farm. The value they could determine without proof after ascertaining the character and quantity of products from other witnesses. It is useless, however, to make further suggestions on the law and facts of the case. The issues were few and simple, and the testimony is so conflicting that a court would not have disturbed the finding for either party. There was evidence conducing to show that appellee was required and compelled to abandon his contract and leave the premises. After the third verdict in a case like this the controversy should come to an end, and the judgment below is now *affirmed.*

*John H. McHenry, Little & Slack, for appellant.*

*Owen & Ellis, for appellee.*